UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| POINTERS, CLEANERS AND CAULKERS SUBORDINATE UNION LOCAL 52 OF THE INTERNATIONAL UNION OF BRICKLAYERS AND ALLIED CRAFTWORKERS, AFL-CIO, | ) ) ) ) ) | Case No. |
| Plaintiff, | ) ) | Judge: |
| v. | ) ) | |
| ACER ENTERPRISES, INC., | ) ) | |
| Defendant. | ) | |

FILED
JANUARY 22, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

08 C 466

PH JUDGE DER-YEGHIAYAN
MAGISTRATE JUDGE BROWN

## COMPLAINT

Plaintiff Pointers, Cleaners and Caulkers Subordinate Union Local 52 of the International Union of Bricklayers and Allied Craftworkers, AFL-CIO ("Local 52"), through its attorneys, Dowd, Bloch & Bennett, by way of complaint against Acer Enterprises, Inc., states as follows:

1. The court has jurisdiction over this matter and venue is proper pursuant to Section 301 of the Labor-Management Relations Act, 29 U.S.C. §185(a) and (c).

2. Local 52 is a labor organization within the meaning of 29 U.S.C. §152(5), and maintains its principal place of business within this district.

3. Defendant Acer Enterprises, Inc. (the "Contractor"), is an Illinois corporation that does business within this district and is an "employer" within the meaning of 29 U.S.C. §152(2).

4. On or around April 3, 2007, the Contractor entered into a short-form collective bargaining agreement with Local 52.

5. The collective bargaining agreement has remained in effect since it was signed.

6. The collective bargaining agreement incorporates the substantive terms of the master agreements negotiated from time to time between Local 52 and the Tuckpointing

Contractors Association, Inc. (the "Association Agreement"), the most recent of which is effective June 1, 2006 through May 31, 2010.

7. Article XXII, Section 22.4 of the Association Agreement provides that all employers that are bound to labor contracts with Local 52 must provide a surety bond in an amount determined on the basis of the number of its employees.

8. The form of the bond that is required is attached as Exhibit A.

9. Article XXII, Section 22.4 of the Association Agreement provides that if an employer fails to provide a bond as required, Local 52 may, among other things, seek immediate relief in any court of proper jurisdiction, that if Local 52 utilizes the provision of the contract to obtain an order requiring that a bond be furnished, Local 52 will be entitled to recover from the employer all reasonable legal fees and costs; and that an employer that fails to provide the bond within one week of being informed of the obligation to do so is prohibited from performing any work covered by the labor contract.

10. In accordance with the labor contract, the Contractor is required to post a bond in the amount of $15,000.00.

11. On or about May 22, 2007 and again on or about December 27, 2007, Local 52 or its attorneys notified the Contractor by letter that it was required to provide a bond in accordance with the contract.

12. Notwithstanding its obligation to do so and the notifications from Local 52 and its attorneys, the Contractor has failed to obtain and provide the bond.

13. The Contractor's actions constitute a breach of collective bargaining agreement, and put Local 52, its members, and the fringe benefit trust funds named in the labor contract at

risk that obligations owed by the Contractor will not be met because the security required by the contract is not available.

WHEREFORE, Local 52 respectfully asks that judgment be entered against Acer Enterprises, Inc, as follows:

(1) Ordering it to obtain and provide Local 52 a $15,000.00 bond in the form provided in Exhibit A or, in the alternative, to provide a payment to Local 52 in the amount of $15,000.00 to be held as a cash bond;

(2) Ordering it to reimburse Local 52 for all legal fees and costs incurred in pursuing this action;

(3) Ordering it to cease performing any work within the geographic and craft jurisdiction of Local 52, regardless of the name or business form under which it performs such work, until it has provided the bond, or made the payment required, and has paid the legal fees and costs; and

(4) Granting such other relief as this Court deems just and proper.

Respectfully submitted,

/s/ Michele M. Reynolds

_____
Michele M. Reynolds
Attorney for
Pointers, Cleaners and Caulkers
Union, Local 52 of the International
Union of Bricklayers and Allied
Craftworkers.

Barry M. Bennett
Michele M. Reynolds
LaKisha M. Kinsey-Sallis
Steven W. Jados
**DOWD, BLOCH & BENNETT**
8 S. Michigan Avenue, 19th Floor
Chicago, IL 60603
312 372-1361